IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN D. JACKSON | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JKB-12-862 |
| STATE OF MARYLAND, COMPTROLLER OF THE TREASURY, MARYLAND DEPARTMENT OF MOTOR VEHICLE ADMINISTRATION, JANE DOE. | * * * | |
| Defendants | * | |

**MEMORANDUM**

John Jackson, the self-represented plaintiff, is suing defendants alleging violations of his civil rights, due process, and double jeopardy. The court has considered and will grant his motion to proceed in forma pauperis. In his complaint, Jackson is disputing a Comptroller of Maryland ("MVA") notice of vendor payment hold for $4,095.00 in fines owed to the Motor Vehicle Administration due to a lapse in insurance between 1998 and 2000 and for parole and probation fines in an unstated amount imposed by the Circuit Court for Dorchester County. Plaintiff asserts that he did not receive any notice about the lapse in insurance, noting that he was incarcerated for the last eleven years. Additionally, he states that his parole and probation fines were satisfied "via his prior probation officer and signed via the Circuit Court Judge of Dorchester County, Maryland." Complaint. Plaintiff claims defendants refuse to "eradicate" his debts in violation of his constitutional rights and request damages in the amount of $10 million.

The court recognizes that Jackson is a pro se litigant and accords his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberal construction does not mean, however, that this court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990). The court is obliged to dismiss any claim where, as here, the litigant is proceeding in forma pauperis and the

complaint seeks monetary relief from a defendant who is immune to such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii).

Insofar as this matter is brought against the State of Maryland, the Comptroller of the Treasury,[1] and the MVA, the Eleventh Amendment to the United States Constitution provides a state, its agencies, and its departments immunity from suits for money damages in federal court brought by its citizens or the citizens of another state, unless it consents. *See Penhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984). The State of Maryland has not waived Eleventh Amendment immunity to suit in federal court, and Maryland and the Maryland Motor Vehicle Administration, a state agency, are therefore not subject to suit in federal court. To the extent this action is brought against the Comptroller of Maryland and Jane Doe in their official capacities, the claims against them must also be dismissed. *See Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995) (noting that the Eleventh Amendment protects not only states themselves, but also state officers acting in their official capacities). Plaintiff provides no factual basis for bringing claims against Jane Doe in her individual capacity and that claim will be dismissed without prejudice as insufficiently pleaded.

Preliminary review of this matter also calls into question whether plaintiff has fully exhausted available state administrative and judicial remedies. In regard to the outstanding fines, plaintiff may wish to contact the Department of Budget and Management Central Collections Unit at (410) 767-1234 to explain his circumstances, dispute the charges as may be appropriate, and/or arrange a settlement.[2] Plaintiff should provide copies of all documents supporting his claims.

Accordingly, this case will be dismissed and closed. A separate order follows.

May 17, 2012
Date

James K. Bredar
United States District Judge

---

1 The Court assumes plaintiff intends to sue the Comptroller of Maryland.
2 This court expresses no opinion as to the merits of plaintiff's claims.

2